UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| BIO TOWN AG INC., | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 4:18 CV 78 |
| LIVESTOCK WATER RECYCLING INC., | ) |
| Defendant. | ) |

## **OPINION and ORDER**

This matter is before the court on defendant's motion for reconsideration of this court's denial of its motion to dismiss. (DE # 35.) For the reasons that follow, the motion will be denied.

## I. BACKGROUND

Plaintiff Bio Town Ag, Inc. ("Bio Town") filed the present breach of contract suit against defendant Livestock Water Recycling, Inc. ("LWR"), alleging that a manure treatment and water reclamation system it purchased from LWR failed to operate as promised. (DE # 1.) In response, LWR filed a motion to dismiss, on grounds of *forum non conveniens*, arguing that the parties' contract contained a forum-selection clause that mandates that this matter be litigated in Alberta, Canada. (DE # 15.) Bio Town disputed that the forum-selection clause was part of the parties' agreement.

The facts and arguments relevant to LWR's motion are set forth in this court's original order (DE # 30), and will not be restated here. The crux of the parties' dispute is whether the terms of a proposal that LWR sent to Bio Town was part of the parties'

contract. This court ultimately determined that LWR did not meet its burden of establishing that the terms of the proposal were part of the parties' agreement. Thus, this court denied LWR's motion.

LWR now asks this court to reconsider its order. (DE # 35.) LWR argues that this court did not address its argument that, under the Uniform Commercial Code ("UCC"), the terms of the proposal became part of the resulting contract unless specifically rejected by Bio Town. (*Id.* at 2.)

## II. LEGAL STANDARD

LWR moves to reconsider pursuant to Federal Rule of Civil Procedure 54(b). Rule 54(b) governs motions to reconsider orders other than final judgments. This rule states in relevant part: "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

"A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Dodd v. Warden*, No. 3:19-CV-29-DRL-MGG, 2019 WL 6700377, at *1 (N.D. Ind. Dec. 9, 2019) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). It is also appropriate where there is a "controlling or significant change in the law or facts since the submission of the issue to the Court."

*Bank of Waunakee*, 906 F.2d at 1191. However, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (internal citation and quotation marks omitted).

III.   ANALYSIS

LWR seeks reconsideration based on its belief that this court did not consider its argument regarding the application of UCC § 2-207. Indiana has adopted UCC § 2-207 as Indiana Code § 26-1-2-207 (hereafter "§ 2-207"). This section states:

> (1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.
>
> (2) The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:
>
>    (a) the offer expressly limits acceptance to the terms of the offer;
>
>    (b) they materially alter it; or
>
>    (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.
>
> (3) Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract. In such case the terms of the particular contract consist of those terms on which the writings of the parties agree, together with any supplementary terms incorporated under any other provisions of this Act.

Ind. Code § 26-1-2-207.

LWR argues that its offer made any contract contingent on Bio Town's

3

acceptance of LWR's proposal's terms, in their entirety, unless LWR expressly agreed to amend the terms. (DE # 35 at 2-3.) LWR claims that Bio Town's complaint alleges that on March 1, 2013, "the parties agreed to modify *only certain* terms of Livestock's offer." (DE # 35 at 3 (emphasis in original).) Thus, LWR argues, pursuant to § 2-207, the remaining terms of the proposal (including the forum-selection clause) were left untouched and were part of the parties' contract. (*Id.*)

LWR mischaracterizes Bio Town's complaint, and this mischaracterization strikes at the heart of why LWR's motion will be denied. Bio Town's complaint does not allege that the parties agreed to modify only certain terms of the proposal; the complaint alleges that the parties entered into an independent oral agreement. The complaint alleges:

> Based on the general concepts of the Proposal, Brian Furrer on behalf of Bio Town informed LWR that Bio Town was interested in exploring further the potential of Bio Town purchasing a LWR water reclamation system. However, given that Bio Town's current cost to dispose of digeste was $0.02 per gallon, Mr. Furrer informed Ross Thurston of LWR that Bio Town was not interested in purchasing a system if the ongoing cost to operate the system and treat digestate could be up to $0.02 per gallon of treated digestate, as stated in the Proposal.
>
> If the system would not provide a defined cost savings to Bio Town, Mr. Furrer informed Mr. Ross that Bio Town was not interested in purchasing the system. Otherwise, the system would simply add costs, both in terms of its purchase price and in operation.
>
> In response, Mr. Ross agreed to provide a system that would provide a defined cost savings to Bio Town in its current operations.
>
> On March 1, 2013 Brian Furrer on behalf of Bio Town and Toss Thurston on behalf of LWR reached an oral agreement on the material terms of Bio Town's purchase of a refurbished LWR-40 system from LWR, including the volume flow of digestate that the system would be capable of treating

4

> and the cost to treat the digestate.
>
> The parties' oral agreement was memorialized in an email from Mr. Thurston to Mr. Furrer at 7:03 p.m. on March 1, 2013, which is attached as Exhibit 2.

(DE # 1 at 4.)

The problem with LWR's present motion, as in its motion to dismiss, is that the parties fundamentally dispute how the contract was formed. Section 2-207 requires a "definite and seasonable expression of acceptance." But this is precisely the disputed issue that precluded this court from finding, as a matter of law, that the terms of the proposal were part of the parties' agreement. LWR contends that on March 1, 2013, Bio Town accepted the offer contained in the proposal, and accepted the terms of that proposal. Bio Town, on the other hand, contends that after receiving the proposal, the parties continued negotiating, eventually entering into an oral contract on March 1st, the material terms of which were memorialized in the March 1st email. The parties had an opportunity to develop the factual record through a hearing with the Magistrate Judge, but declined. Thus, based on the agreed facts, this court could not determine, as a matter of law, that the terms of the proposal, including the forum-selection clause, were part of the parties' agreement.

Given the parties' divergent views regarding how the contract was formed, it is not clear that there was a "definite and seasonable expression of acceptance" for purposes of § 2-207. It was LWR's burden to establish that the terms of the proposal, and specifically the forum-selection clause, were part of the parties' contract. It failed to meet this burden. This court did not misapprehend LWR's argument in its motion to

5

dismiss, it merely disagreed that LWR was entitled to relief. Accordingly, LWR's motion for reconsideration will be denied.

IV. **CONCLUSION**

For the foregoing reasons, the court **DENIES** defendant Livestock Water Recycling Inc.'s motion to reconsider. (DE # 35.)

**SO ORDERED.**

Date: March 27, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT