UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| BIO TOWN AG., INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:18-CV-78-JTM-JEM |
| | ) | |
| LIVESTOCK WATER RECYCLING, INC., | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint to Add a Party [DE 45], filed by Plaintiff on June 10, 2020. Plaintiff seeks to amend its Complaint to add a party defendant.

**I.  Background**

On October 24, 2018, Plaintiff Bio Town Ag, Inc., filed a Complaint alleging that the manure treatment and water reclamation system provided by Defendant Livestock Water Recycling, Inc., did not operate as promised in the parties' contract. Defendant filed a motion to dismiss on January 4, 2019, arguing that the contract contained a forum selection clause mandating litigation in Alberta, Canada. On January 10, 2020, the motion to dismiss was denied, and on March 27, 2020, the motion for reconsideration was denied. Defendant filed an answer and counterclaim on March 3, 2020.

On June 10, 2020, Plaintiff filed the instant motion to amend and on June 24, 2020, Defendant filed a response to the Motion, noting that the proposed amendment was not attached. On June 25, 2020, Plaintiff filed a motion to supplement its motion to amend, adding the proposed amendment, which was granted on June 26, 2020. Defendant filed a supplemented response on July 10, 2020 and on July 17, 2020, Plaintiff filed a reply.

1

**II.     Analysis**

Plaintiff seeks to join IWR Technologies, Ltd., d/b/a IWR Technologies, Inc., an affiliate of Defendant LWR, as a party defendant, and to assert a claim for declaratory judgment regarding a promissory note signed by Plaintiff to IWR. Plaintiff asserts that it is entitled to indemnity from Defendant as to any payments due on the promissory note because the agreement between Plaintiff and Defendant, which Plaintiff alleges was breached by Defendant, formed the basis for the note. In the alternative, it requests a judgment rescinding the promissory note.

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183). An amendment is "futile" if it would not withstand a motion to dismiss or motion for summary judgment. *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001); *see also Sound of Music Co. v. 3M*, 477 F.3d 910, 923 (7th Cir. 2007).

When a plaintiff seeks to add new defendants through an amended complaint, Federal Rule of Civil Procedure 20 is implicated. *See Chavez v. Ill. State Police*, 251 F.3d 612, 631-32 (7th Cir.

2

2001). It provides that defendants may be joined to an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The standard for permissive joinder under Rule 20 is liberal," *Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 744 (N.D. Ill. 2007), and "courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." 7 Charles Alan Wright et al., Federal Practice and Procedure § 1653 (3d ed. 2001); *see also Chavez*, 251 F.3d at 632; *Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994).

Plaintiff asserts that IWR has filed suit against Plaintiff in Canada for claims arising out of the same contract dispute as this case. In that case, IWR alleges that LWR is its affiliated entity who entered into an agreement for the LWR-40 system at issue in this action, and brings claims based on the same agreement and facts as this dispute. Plaintiff argues that IWR is or should be aware of this action involving its affiliate, and that it should be joined in this case to prevent two simultaneous litigations involving the same dispute, possibly resulting in disparate rulings. Defendant argues that Plaintiff is trying to keep IWR from litigating its case in its choice of forum, that the law of Alberta, Canada, should apply to any dispute between Plaintiff and IWR, and that there is no jurisdiction over IWR.

"Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's

3

forum-related activities." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)); *see also Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 319 (1945). Unlike general jurisdiction, for there to be specific jurisdiction "there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1779-80 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). A contractual relationship with an in-state party "is often insufficient to supply the minimum contacts required by the Constitution. Other links, such as 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' may demonstrate that the defendant has purposefully availed itself of the forum." *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 912-13 (7th Cir. 2015) (quoting *Burger King*, 471 U.S. at 478-79). "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden v. Fiore*, 571 U.S. 277, 283-85 (2014).

As evidence of suit-related contacts, Plaintiff points to the action brought by IWR against Plaintiff in Alberta, Canada, in which IWR avers that "Livestock and IWR delivered to Bio Town the System and provided extensive supporting services to make the system operational and to address concerns." Compl. ¶ 4 [DE 47-1]. Defendant argues that, to the extent that IWR has performed environmental remediation in the United States, that remediation is unrelated to the promissory note between Plaintiff and IWR that forms the basis of Plaintiff's claims, and the

4

affiliation between IWR and Defendant is also insufficient to provide a basis for jurisdiction. Plaintiff does not include any information about what the supporting services entailed, the extent to which they occurred in Indiana, or what actions were performed by IWR instead of Defendant Livestock. General assertions of remediation work in the United States as a whole does not demonstrate that IWR purposefully availed itself of Indiana as a forum, nor is a promissory note between Plaintiff and IWR sufficient to establish minimum contacts in Indiana without additional links. *See Philos Techs.*, 802 F.3d at 912-13. As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the jurisdictional requirements have been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Plaintiff has not met the burden in the filings currently before the Court. Without more information about the extent of IWR's operations in Indiana and the relationship between forum activities and the relevant dispute over the promissory note, the Court cannot find that it has specific personal jurisdiction over IWR and therefore the amended complaint is futile as proposed.

### III. Conclusion

For the foregoing reasons, the Court hereby **DENIES without prejudice** Plaintiff's Motion for Leave to Amend Complaint to Add a Party [DE 45]. The Court **ORDERS** that the deadline for the parties to file a motion for leave to amend pleadings is extended to **December 23, 2020**.

SO ORDERED this 16th day of November, 2020.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc:   All counsel of record