UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| BIO TOWN AG., INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:18-CV-78-JTM-JEM |
| | ) | |
| LIVESTOCK WATER | ) | |
| RECYCLING, INC., | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Second Motion for Leave to Amend Complaint to Add a Party [DE 55], filed by Plaintiff on December 23, 2020. Plaintiff seeks to amend its Complaint to add a party defendant.

**I.  Background**

On October 24, 2018, Plaintiff Bio Town Ag, Inc., filed a Complaint alleging that the manure treatment and water reclamation system provided by Defendant Livestock Water Recycling, Inc., did not operate as promised in the parties' contract. Defendant filed a motion to dismiss on January 4, 2019, arguing that the contract contained a forum selection clause mandating litigation in Alberta, Canada. On January 10, 2020, the motion to dismiss was denied, and on March 27, 2020, a motion for reconsideration was denied. Defendant filed an answer and counterclaim on March 3, 2020, then on June 10, 2020, Plaintiff filed a motion to amend the Complaint and join IWR Technologies, Ltd., d/b/a IWR Technologies, Inc., as a party defendant. The Court denied the motion on November 16, 2020, concluding that the motion was futile since Plaintiff had not established that the Court had specific personal jurisdiction over IWR.

On December 23, 2020, Plaintiff filed the instant second motion to amend. Defendant filed a response on January 6, 2021, and on January 13, 2021, Plaintiff filed a reply.

**II.     Analysis**

Plaintiff seeks to join IWR Technologies, Ltd., d/b/a IWR Technologies, Inc., as a party defendant, asserting that it is a corporate affiliate of Defendant Livestock and that Plaintiff's communications and dealings were with both entities. Plaintiff also seeks to assert a claim for declaratory judgment regarding a promissory note signed by Plaintiff to IWR. Plaintiff asserts that it is entitled to indemnity from Defendant as to any payments due on the promissory note because the agreement between Plaintiff and Defendant, which Plaintiff alleges was breached by Defendant, formed the basis for the note. In the alternative, Plaintiff requests a judgment rescinding the promissory note.

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183). An amendment is "futile" if it would not withstand a motion to dismiss

2

or motion for summary judgment. *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001); *see also Sound of Music Co. v. 3M*, 477 F.3d 910, 923 (7th Cir. 2007).

When a plaintiff seeks to add new defendants through an amended complaint, Federal Rule of Civil Procedure 20 is implicated. *See Chavez v. Ill. State Police*, 251 F.3d 612, 631-32 (7th Cir. 2001). It provides that defendants may be joined to an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The standard for permissive joinder under Rule 20 is liberal," *Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 744 (N.D. Ill. 2007), and "courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." 7 Charles Alan Wright et al., Federal Practice and Procedure § 1653 (3d ed. 2001); *see also Chavez*, 251 F.3d at 632; *Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994).

Defendant argues that the proposed amendment still fails to establish personal jurisdiction over IWR. Plaintiff asserts that Livestock and IWR are essentially the same entity and are both responsible for agreements and warranties made for the sale, installation, and operation of the system. Defendant argues that Plaintiff's allegations of IWR's involvement are conclusory, and that Plaintiff merely added "IWR" to each of its allegations without supporting the allegations with any additional facts. It argues that the factual allegations are still that Plaintiff made the agreement with a representative of Livestock and that it made its payments to Livestock, then later issued a promissory note to IWR, but that, as discussed in the previous Opinion, the promissory note is an

3

insufficient basis for personal jurisdiction. In reply, Plaintiff reasserts that IWR and Livestock are the same entity and attaches Defendant's response to Plaintiff's interrogatory explaining that Livestock sold the system and IWR manufactured it, but that before the instant suit was filed "Livestock Water Recycling, Inc. was dissolved as an independent entity, and IWR Technologies, Ltd. absorbed all of its functions. Today, IWR Technologies Ltd. Operates in part under the trade name 'Livestock Water Recycling.'" With the additions to its proposed amendment, Plaintiff has now alleged sufficient facts to demonstrate that this Court has jurisdiction over IWR.

Defendant also argues that Plaintiff's assertions are inconsistent and that it cannot assert both that the contract was formed through email, rejecting the proposal including a forum selection clause, and that there was also an agreement with Livestock and IWR through that document including the forum selection clause. Plaintiff responds that the agreement between the parties was not found in just one email but through a series of communications between the parties, and that it is attempting to amend its Complaint to reflect the statements IWR has made about its involvement in the agreement, particularly in the suit filed by Livestock in Canada claiming that IWR was a party to the agreement with Plaintiff.

Although discovery may reveal that IWR was more or less involved in the interactions with Plaintiff than alleged, Plaintiff has stated claims against IWR and pled that IWR was involved in the contractual relationship at issue in this suit. Plaintiff has sufficiently alleged the allegations against IWR not only arise out of the same series of transactions and occurrences as those against Livestock but are asserted against IWR operating as Livestock Water Recycling. Accordingly, it is appropriate for the Complaint to be amended to add IWR as a party defendant and assert additional claims against it.

4

**III.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's Second Motion for Leave to Amend Complaint to Add a Party [DE 55] and **ORDERS** Plaintiff to file the Amended Complaint, currently on the docket as an attachment to the instant Motion, by **May 14, 2021**.

SO ORDERED this 7th day of May, 2021.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record